PER CURIAM.
We granted the defendant's petition to consider the question whether, on his motion, he is entitled to a jury trial on the issue of his competency to stand trial for capital murder. We affirm the holding of Ex parte LaFlore, 445 So.2d 932 (Ala.1983), that the criminally accused, pursuant to Ala. Const, of 1901, § 11, and the procedure provided by Ala. Code 1975, § 15-16-21, is entitled to a jury trial on the issue of mental competency to stand trial; thus, we reverse the Court of Criminal Appeals’ “no opinion” denial of the defendant’s petition for writ of mandamus.
In so holding, however, we are not to be understood as voiding the trial court’s exercise of its discretion to order the defendant committed to a state hospital pursuant to § 15-16-22. We hold simply that the statutory discretion afforded the trial court to seek a psychiatric examination of the accused may not be substituted as an alternative determination in deprivation of the defendant’s constitutional right to a jury trial on the issue of competency to stand trial. See Seibold v. Daniels, 337 F.Supp. 210 (M.D.Ala.1972).
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.
JONES and HOUSTON, JJ., concur specially.
KENNEDY, J., dissents.